HEARING DATE & TIME: November 17, 2016 10:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------x
In re: Mariana Florez

Case No. 816-73862-AST
Chapter: 13

Debtor(s)
-----------------------------------------x

**OBJECTION TO NOTICE OF MOTION**

RECEIVED 2016 NOV 10 A 11:__ CLERK U.S. BANKRUPTCY COURT EASTERN DISTRICT NEW YORK

To the Hon. Alan S. Trust, Bankruptcy Judge;

I Mariana Florez, Debtor in the above-captioned bankruptcy proceeding, respectfully Object to the Motion filed by Macco & Stern, LLP for the following relief, (1) modifying the automatic stay. (2) modifying the Co-debtor stay. (3) granting movants in rem relief against certain property.

In support of this objection, I hereby allege as follows:

1. An Order to Show Cause filed in the Supreme Court on August 22, 2016 seeking to vacate the Judgement of foreclosure and sale on grounds of: a.) The mortgage and note have been rescinded and therefore the mortgage and note are void. b.) Fraudulent Affidavit of LAWRENCE TEACH in support of motion for Summary Judgement, Sworn on 17 January 2014 in front of ROY GIRTZ, NOTARY PUBLIC. c.) Plaintiff has exceeded the Statute of limitation as outlined by CPLR 213(2). d.) estoppel against the Lender. e.) Violations of due process by Plaintiff's attorney HYMAN HACKER., was signed by Honorable PETER H. MAYER and is still pending. →

Wherefore, I respectfully request that this Court enter an order denying the relief requested.

Dated: November 10, 2016

By: _Mariana Florez_
(Signature of Debtor)

A1 Pond Place
Babylon, NY 11702
631 827-7777

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
In re: Mariana Florea

Case No. 816-73862-AST

Chapter: 13

                    Debtor(s)
-------------------------------------------------x

The Order to Show Cause was signed on merit and has the potential to succeed, vacate the Judgment of foreclosure and sale and dismiss the whole case.

2. I am retaining an attorney to represent us on the Order to show cause and Chapter 13.

3. I was told by the referee, during the November 3, 2016 conference that everything was put on hold until December 8, 2016

4. The Background listed by Macco & Stern, LLP is not accurate, and therefore Macco & Stern is not familiar with this case as they claim to be.

November 10, 2016

/s/ Mariana Florea

WALK / Mayer for Hinrichs / VOJ
OSC

At Special Term Part ___ of the Supreme Court of the State of New York, held in and for the County of Suffolk at the Courthouse located at One Court St Riverhead, New York on the 22nd day of August, 2016

**HON. PETER H. MAYER**
PRESENT: HON. _____
Justice of the Supreme Court

MOTION/CROSS/OSC
FEE PAID
Judith A. Pascale
Suffolk County Clerk

-----------------------------------------X

DAVID GOLDFINGER AS TO 20% et al
[FILL IN NAME(S)]
                    Plaintiff(s),

Index No. 13-05819

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER [CIVIL]**

- against -

MARIANA FLOREA, ALEXE FLOREA
[FILL IN NAME(S)]
                    Defendant(s).

-----------------------------------------X

Upon reading and filing the affidavit of MARIANA FLOREA [NAME], sworn to on the 20 day of August, 2016 [DATE THE AFFIDAVIT WAS SWORN TO BEFORE A NOTARY PUBLIC], and upon the exhibits attached to the affidavit

_____
[LIST OTHER SUPPORTING PAPERS, IF ANY, SUCH AS SUMMONS, COMPLAINT, ADDITIONAL AFFIDAVITS];

Let the (plaintiff(s))/defendant(s) [CIRCLE ONE] show cause at IAS Term Part ___ of this Court, to be held at the courthouse located at One Court Street, Riverhead, New York on the

6th day of Sept., 2016 [Return Date], at _____ o'clock in the forenoon, or as soon as counsel may be heard, why an order should not be made granting the following relief:

Vacate Judgment of foreclosure and sale

[DESCRIBE THE RELIEF SOUGHT], and why the (plaintiff(s))/defendant(s) [CIRCLE ONE] should not have such other and further relief as to the Court may seem just and proper.

Sufficient cause appearing therefor, it is

{PHM/JSC} ~~ORDERED that pending the return date/hearing and determination of this motion [JUDGE TO SELECT], the (plaintiff(s))/defendant(s) [CIRCLE ONE] and his/her/their agents, servants, and employees [STRIKE IF NOT APPLICABLE] and the Sheriff of Suffolk County (STRIKE IF NOT APPLICABLE) is/are~~ restrained from further proceedings in this matter. Stop foreclosure sale and transfer of deed.

[STATE THE ACTIVITY TO BE TEMPORARILY RESTRAINED]; and it is further

{PHM/JSC} ORDERED that service pursuant to overnight delivery of a copy of this order, together with copies of the papers upon which it is based, upon ~~the plaintiff(s)/defendant(s) and~~ plaintiff's counsel and all appearing parties ~~upon The Suffolk Sheriff at 360 Yaphank Ave. Yaphank NY. by personal delivery. (STRIKE IF NOT APPLICABLE)~~

on or before the 30th day of August, 2016 shall be deemed good and sufficient service.

ENTER

**GRANTED**  /s/ Peter H. Mayer
J.S.C.

OSC w/TRO - Civil revised 02/12/12   AUG 22 2016   HON. PETER H. MAYER

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

SUPREME COURT OF THE STATE OF NEW YORK

COUNTU OF SUFFOLK

---------------------------------------------------------------------X

DAVID GOLDFINGER AS TO 20%, STANLEY
MARGULIES ROLLOVER IRA, SUNWEST TRUST
INC. as CUSTODIAN, AS TO 6.60%, LARRY
GILDERMAN IRA AS TO 20%, DAVID & CORINNE
ZINADER AS TO 9.28%, ARTHUR FEINBERG
ROLLOVER IRA, EVERCORE TRUST CO. AS
CUSTODIAN, AS TO 13.40%, TEMKIN FAMILY
TRUST, CHARLIE TEMKIN, TRUSTEE, AS TO
13.40%, ROBERT TEMKIN IRA AS TO 10.72% and
JUDITH BAKER AS TO 6.60%.

Index No. 13-05819

**AFFIDAVIT IN SUPPORT OF
ORDER TO SHOW CAUSE**

        Plaintiff,

  -against-

MARIANA FLOREA, ALEXE FLOREA and

JOHN DOE 1-5 and JANE DOE 1-5, the last ten names being
fictitious and unknown to plaintiff, the person or persons
intended being the tenants, occupants, persons or corporations
if any, having or claiming an interest in or lien upon the
premises described in the complaint,

        Defendants.

---------------------------------------------------------------------X

MARIANA FLOREA, being duly sworn, hereby deposes and says:

1. I am the defendant in this action and submit this Affidavit in support of the annexed Order to Show Cause, wherein I request an order Vacating Order Granting Summary Judgment and that this action be dismissed due to the following reasons:

**THIS IS AN EMERGENCY APPLICATION BECAUSE I HAVE LEARNED THAT THERE IS A SALE OF MY HOME PENDING FOR AUGUST 25, 2016.**

2. The mortgage and note which are the subject of this action have been rescinded and therefore the mortgage(s) and note(s) are void.

3. This is an action under the Truth in Lending Act, 15 USC 1601 and following to enforce my right to rescind a consumer credit transaction, to void plaintiff's security interest, to the extend it exist, in my home, and to recover statutory damages, reasonable attorney's fees and costs by reason of the plaintiff's violations of the Act and Regulation Z, 12 C.F.R. 226 (hereafter called "Regulation Z").

4. Plaintiff is an assignee of the original creditor.

5. The consumer transaction(s) at issue was subject to a finance charge.

6. As part of consumer credit transaction(s), plaintiff claims a security interest in my home, which is the subject property at issue.

7. Plaintiff as assignee of the obligation in question is subject to rescission pursuant to 15 U.S.C. 1641(c).

8. The consumer credit transaction(s) at issue are subject to my right to rescission as described in 15 U.S.C. 1635 and Regulation Z, 226.23(b).

9. In the course of this consumer transaction, the original broker and/or lender violated 15 U.S.C. 1601 et. seq. and Regulation Z 226 et. seq. by, among other aspects:

i. Failing to accurately disclose the amount financed, the finance charge, the annual percentage rate, and/or the total of payments; and

ii. Stating finance charges and APR that are in variance by more than the tolerance levels set forth in 15 U.S.C. 1635(i)(2).

iii. Failing to provide disclosures as required under 15 U.S.C. 1601 et. seq. not less than three business days prior to the consummation of the transaction, as required under 15 U.S.C. 1639.

10. By reason of these material violations of the Truth in Lending Act, I have a right of rescission for three years from the date of consummation of the loan, pursuant to 15 U.S.C. 1635(f).

11. On April 22, 2008, I notified Larry Tesch, president of Prestige Commercial Corp., the original lender, and Daniel Chan, Esq., the attorney at the closing representing Prestige Commercial Corp., that the Mortgage(s) and Note(s) related to the subject transaction at issue have been rescinded, via US Mail, postage prepaid, certified mail, return receipt requested. See **Defendant's Exhibit "A"** which by reference is incorporated herein.

12. Prestige Commercial Corp., Larry Tesch, and Daniel Chan received copies of Defendant's notice of rescission on April 23, 2008.

13. Prestige Commercial Corp., the original lender had sixty days after receipt of notice to take action necessary to terminate its security interest and return all money I paid.

14. Prestige Commercial Corp. failed to take any action necessary or appropriate to reflect the termination of any security interest created under transaction, as requires by 15 U.S.C. 1635(b) and Regulation Z, 226.23(d)(2).

15. Prestige Commercial Corp., failed to return any money I paid as required by 15 U.S.C. 1635(b) and Regulation Z, 226.23(d)(2).

16. As a result of the aforesaid violations of the Truth in Lending Act and Regulation Z, pursuant to 15 U.S.C. 1635(a), 1640(a), and 1641(c), plaintiff, as the assignee of the original creditor, is liable for:

i. Rescission of this transaction, as well as any other interest plaintiff claims in my home.

ii. Return of any money or property I paid in connection to this transaction.

iii.   Statutory damages of $ 2000.00 for the disclosure violations.

iv.   Statutory damages of $ 2000.00 for failure of Prestige Commercial Corp. to respond properly to my rescission notice.

v.   Forfeiture of return of loan proceeds.

vi.   Actual damage in an amount to be determined by the court.

vii.   A reasonable Attorney's fee.

17. Plaintiff has unclean hands due to its action described below and therefore is prohibited from obtaining equitable relief of foreclosure. As a matter of equity, this court should have refuse to grant Summary Judgement. Plaintiff has waived the right to acceleration due to intentionally misleading and reckless conduct for which is liable.

18. Plaintiff brought this action without providing notice to Defendant of Defendant's right to dispute the debt, pursuant to the Fair Debt Collection Practices Act.

19. Defendant may dispute the debt and Plaintiff is required to provide verification of the debt. **Defendant hereby disputes the debt and demands that Plaintiff verify the debt in accordance with the Fair Debt Collection Practices Act.** Plaintiff is required to suspend any action until verification of the debt at issue.

20. Fraud in the inducement.

i.   Plaintiff alleges ownership of the note and mortgage in question.

ii.   Plaintiff is liable for actions of Prestige Commercial Corp. and/or its agents.

iii.   Prestige Commercial Corp. and/or its agents made false statements and/or omissions regarding a material fact.

iv.   Prestige Commercial Corp. and or its agents knew or should have known the representation was false.

21. Fraudulent Affidavit of LAWRENCE TESCH also known as LARRY TESCH, President of Prestige Commercial Corp. also known as PCC Services, Inc. ("PCC") IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, Sworn on 17 January, 2014 in front of ROY GIRTZ, NOTARY PUBLIC.

22. LAWRENCE TESCH ("TESCH") being duly sworn, deposes and says:

   i.   That "in mid -2006, defendants Mariana Florea and Alexe Florea (collectively the "Defendants") sought a mortgage loan from PCC" TESCH Aff.1. Defendants NEVER sought a mortgage from PCC. Defendants were solicited by a PERRY WINTER a broker that did business with PCC.

   ii.  TESCH Aff. 4 claims that the reason for the FIVE YEARS delay in initiating the foreclosure action was due to his attorney DANIEL CHAN "falsely reporting to me and the Plaintiffs that he had commenced an action, which he never commenced, and periodically reported on the progress, or lack of progress, of the fictional foreclosure action". This is an insult to my intelligence and the intelligence of the court. It is extremely hard to believe that in today digital age an educated, computer literate, sophisticated broker was so naïve and incompetent and never bothered to request proof or a mere case number for FIVE YEARS. I am disappointed that the court did not investigate this part of TESCH affirmation. The actual truth is that this was a deliberate strategy employed by Mr. TESCH in order to pile up interest and late charges and evaporate the equity the Defendants had in their home. And then WHAT PLAINTIFFS. The Plaintiffs were non existent for DANIEL CHAN to report to. They only came into the picture in IFebruary 2013. Mind boggling perjurious affirmation by TESCH.

    iii.    TESCH Aff. 8 states "On August 8, PCC, as the lender, intended to assign the Note and Mortgage to the individual investors......I signed an assignment, but mistakenly signed on behalf of another entity, not PCC". The Other Entity is not mentioned. Another lie by a sneaky incompetent broker.

    iv.    TESCH Aff. 23 states "However, I do not recall any attempted partial payments ever being offered". Another lie as most of the Affirmation is. On March 9, 2007 my husband Alexe Florea was called by Lawrence Tesch in his office in Deer Park and instructed to make two separate bank checks payable to Prestige Commercial Corp. One for $ 3690.44 and a second for $ 221.46 and bring them to the Deer Park office, and then the rest will be due within 30 days, to bring the account up to date. My husband went to Washington Mutual Bank, Made two OFFICIAL CHECKS as instructed and went back to Deer Park office of PCC to deliver the checks and as directed bring the account closer to current. Mr. TESCH in the span of an hour changed his mind and refused the checks. The checks were deposited two days later to Washington Mutual Bank endorsed NOT USED FOR PURPOSE INTENDED. See **Defendant's Exhibit "B"** which by reference is incorporated herein. The action of Mr. Tesch on March 9, 2007 constitute an estoppel against the Lender and a waiver of its rights.

    v.    TESCH Aff. 36 states " The second counterclaim again relies on fictional modification discussions. Notably, none of this was mentioned at the foreclosure settlement conference. Surely, if they raised such an issue, the Referee would have required further exploration of the issue. Defendant never mentioned it because it is completely false.". The truth is that at the settlement my attorney did

      not show up and when I called his office I was told that another attorney was on his way. The attorney that showed up was not my attorney. She was a freelance attorney that did emergency work for my attorney. She showed up more than an hour late, was not familiar with the case and my planned modification and instead of apologizing to the court and ask for an adjournment she did nothing. This is like the conference never took place. None of the plaintiffs were present at the meeting.

23. The plaintiff has not complied in responding to discovery demands or requesting an extension of time to reply. Defendant needed and was entitled to the particulars of plaintiff's cause of action and to the disclosure called for in the other demands to properly prepare the answer to the complaint and was substantially prejudiced without them.

24. Plaintiff has exceeded the statute of limitations as outlined by CPLR 213(2).

25. CPLR 213(2) allows a six year statute of limitation on a contractual obligation.

26. A letter dated January 16, 2007 states "You are hereby advised that have failed to pay the monthly installments due on December 1, 2006 and January 1, 2007 as of the date hereof. You must remit payments of all past-due amounts (including late fees) by February 16, 2007. In the event that you do not make payment as set forth above, the lender shall require immediate payment in full of all sums due and owing under the note and mortgage.". See **Defendant's Exhibit "C"** which by reference is incorporate herein.

27. This action was commenced on February 27, 2013 more than six year from the acceleration letter.

28. Plaintiff's attorney HYMAN HACKER has not served me or my attorney with a Notice of Entry or Notice of sale as ordered by the Court. The sale was advertised in the The Beacon on March 3, 10, 17, 24, 2016 without my knowledge. I only found out about the sale on April 2, 2016, five days before the April 7, 2016 advertised sale date. This created an emergency situation and caused me great inconvenience and expenses and irreparable injuries to my credit rating. I was planning an appeal and I had no time to draw and file one. As of this writing I am not aware of a Notice of Entry being filed in this case. This is deceptive and unjust practices.

29. I am interviewing attorneys to represent me in future litigation because I do not trust my attorney and the way he defended me on this action. I have just discovered that he had filed papers late and had failed to submit proof of the claims he used on motions, and failed to show at the meeting mentioned above.

30. No prior application has been made for the relief requested.

WHEREFORE, I respectfully request that this application be granted in all respects, and for such other and further relief as the Court may deem just and proper.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re: Mariana Florea

Case No. 816-73862-AST
Chapter: 13

Debtor(s)
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 10, a copy of the annexed papers was served by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care of the United States Postal Service within the State of New York, upon *[below specify the name and mailing address of each party served]*:

Macco & Stern, LLP
Attorney for Movants
135 Pinelawn Road, Ste. 120 South
Melville, New York 11747

Marianne DeRose, Trustee
125 Jericho Turnpike, Ste 105
Jericho, New York 11753

Albanese & Albanese, LLP
Attorneys for Plaintiffs
1050 Franklyn Avenue
Garden City, New York 11530

The Office of the United States Trustee,
560 Federal Plaza
Central Islip, New York 11722

Dated: November 10, 2016

/s/ Mariana Florea
*(Signature)*